IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BROADCAST MUSIC, INC.; SCREEN GEMS-EMI MUSIC, INC.; ROBERT KUYKENDALL, RICHARD A. REAM, BRUCE JOHANNESSON and BRET M. SYCHAK, a partnership d/b/a CYANIDE PUBLISHING; UNIVERSAL - SONGS OF POLYGRAM INTERNATIONAL, INC.; FUEL PUBLISHING, INC. d/b/a PENER PIG PUBLISHING; EMBASSY MUSIC CORPORATION; MARK SLAUGHTER and DANA STRUM, a partnership d/b/a TOPLESS MUSIC; and CHRYSALIS SONGS,<br><br>    Plaintiffs,<br><br>    vs.<br><br>OTTIS, INC., d/b/a THE DEPOT; and BRAD OTTIS, Individually,<br><br>    Defendants. | CASE NO. 8:09CV402<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Plaintiffs' Motion for Summary Judgment (Filing No. 58). For the reasons discussed below, the Motion will be granted.

**FACTS**

The Plaintiffs have submitted a Brief (Filing No. 59) and Index of Evidence (Filing Nos. 60, 61) in support of their Motion for Summary Judgment. The Plaintiffs' Brief contains a Statement of Undisputed Facts with pinpoint citations to the evidentiary record, in compliance with NECivR 56.1(a). The Defendants have not responded to the Plaintiffs' Motion. Accordingly, the Defendants admit the facts presented in Plaintiffs' Statement of Undisputed Facts, and the Court accepts those facts as uncontested. See NECivR 56.1(b).

Plaintiff Broadcast Music, Inc., ("BMI") is a "performing rights society" that licenses rights of public performance for copyrighted musical compositions on behalf of the copyright owners of those works.  The other Plaintiffs are the copyright owners of various compositions that are the subject of this action.

Through agreements with copyright owners such as music publishing companies and independent composers, BMI acquires non-exclusive public performance rights.  BMI has acquired such rights from each of the other Plaintiffs in this action.  BMI, in turn, grants to music users such as broadcasters and the owners and operators of concert halls, restaurants, nightclubs and hotels, the right to perform publicly any of the works in BMI's repertoire by means of "blanket license agreements."  BMI operates as a non profit-making performing rights organization that distributes all of the money it collects in license fees from music users – licensees such as the restaurants, hotels and nightclubs referenced above – as royalties to its affiliated publishers and composers, after the deduction of operating expenses and reserves.

Defendant Ottis, Inc., owns or controls The Depot located in Norfolk, Nebraska (the "Establishment" or "The Depot").  Defendant, Brad Ottis, owns 100% of the issued and outstanding shares of stock of Ottis, Inc.  Defendant, Brad Ottis, has the right and ability to supervise the employees of Ottis, Inc., at The Depot and draws a paycheck from Ottis, Inc., every two weeks.  The Depot hosts karaoke on Thursdays, disc jockeys on Fridays, and live bands on Fridays and Saturdays.

From January 2003 through November 2005, Ottis, Inc., held a BMI license for the public performance of music in the BMI repertoire at The Depot.  Ottis, Inc., failed to pay

its license fees for The Depot and, in October 2005, BMI exercised its right to cancel the license for nonpayment.

Between November 2005 and March 2009, BMI repeatedly informed the Defendants of the need to obtain permission for public performances of copyrighted music. On November 17, 2005, BMI instructed the Defendants to cease public performances of music licensed by BMI. Between November 2005 and March 2009, BMI offered to enter into a license agreement with Defendants, but the Defendants failed to enter into any license agreement with BMI, yet continued to offer unauthorized public performance of BMI-licensed music.

On November 21, 2008, musical compositions were performed publicly at The Depot, and the public performances of songs owned by the Plaintiffs were chronicled by a BMI investigator. Defendants admit that each one of the songs that is the subject of this infringement action – Final Countdown a/k/a The Final Countdown, I Want Action, Jesus Or A Gun, Nothin' But A Good Time, Tainted Love, Talk Dirty To Me, Up All Night and Unskinny Bop – was performed publicly at The Depot on November 21, 2008.

The Plaintiffs commenced this action for copyright infringement on November 5, 2009. Defendants' Answer was filed on or about December 28, 2009. Plaintiffs moved for summary judgment on November 19, 2010, and Defendants have not responded.

## STANDARD OF REVIEW

Summary judgment is only proper when the Court, viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in the nonmoving party's favor, determines the evidence "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

*Semple v. Federal Express Corp.*, 566 F.3d 788, 791 (8th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  The moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact." *Id.*  Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that its claim should proceed to trial." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009), *cert. denied,* 130 S. Ct. 1074 (2010) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  The nonmoving party is required to demonstrate a "genuine issue of material fact" that is outcome determinative–"a dispute that might 'affect the outcome of the suit under the governing law.'" *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1029 (8th Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).  Thus, a "genuine issue" is more than "'some metaphysical doubt as to the material facts,'" *Nitro,* 565 F.3d at 422 (quoting *Matsushita*, 475 U.S. at 586), and "'the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.'" *Bloom*, 440 F.3d at 1028-29 (quoting *Anderson*, 477 U.S. at 247-48).

In other words, in deciding "a motion for summary judgment, [the] 'facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts.'" *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris,* 550 U.S. 372, 380 (2007)).  Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party"– where there is no "genuine issue for trial"– summary judgment is appropriate.  *Matsushita*, 475 U.S. at 587.

**DISCUSSION**

The Copyright Act provides the owner of a copyright with the exclusive right to perform, or to authorize others to perform, the copyrighted work publicly. 17 U.S.C. § 106(4).  Any person who violates this exclusive right "is an infringer."  *Id*. at § 501(a).  "[I]t has long been held that one may be liable for copyright infringement even though he has not himself performed the protected composition." *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F. 2d 1159, 1161-62 (2d Cir. 1971).

> [T]he cases are legion which hold the dance hall proprietor liable for the infringement of copyright resulting from the performance of a musical composition by a band or orchestra whose activities provide the proprietor with a source of customers and enhanced income. He is liable whether the band leader is considered, as a technical matter, an employee, or an independent contractor and whether or not the proprietor has knowledge of the compositions to be played or any control over their selection.

*Shapiro, Bernstein & Co., Inc. v. H.L. Green Co., Inc.*, 316 F. 2d 304, 307 (2d Cir. 1963).

It is undisputed that the Defendants allowed the public performance of the Plaintiffs' copyrighted musical compositions without authorization, in violation of the Copyright Act,

and Plaintiffs now seek judgment as a matter of law, statutory damages, injunctive relief, and attorney fees and costs. See 17 U.S.C. §§ 504(c), 502, 505.

The Plaintiffs have established through undisputed evidence: (1) the originality and authorship of the copyrighted works involved; (2) their compliance with the formalities of the Copyright Act; (3) their proprietary rights in the copyrighted works involved; (4) the Defendants' facilitation of the public performance of the compositions involved; and (5) the Defendants' lack of authorization for the public performances. (Filing Nos. 60, 61.)

Defendants Ottis, Inc., and Brad Ottis are both vicariously liable for the copyright infringements at The Depot. See *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 930 (2005) (one infringes a copyright contributorily by intentionally inducing or encouraging direct infringement and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it).

A court may grant final injunctions "to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Here, the Defendants' disregard of the copyrights held by the Plaintiffs, following oral and written notice, supports the Plaintiffs' contention that injunctive relief is warranted.

The Copyright Act allows a Plaintiff to elect "to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Furthermore, "[i]n a case where the copyright owner sustains the burden of proving . . . that infringement was committed willfully, the court in its discretion may increase the award of statutory damages

to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).  Within these statutory limits, the assessment of damages is within a court's discretion. See *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231-32 (1952).  Statutory damages are "designed to discourage wrongful conduct" and "vindicate the statutory policy." *Id.* at 233.

Plaintiffs seek $3,500.00 in statutory damages per violation, for a total of $28,000.00.  This Court finds the Plaintiffs' request to be reasonable, considering: the undisputed factual history; the need for specific deterrence of the Defendants' further copyright violations; the need for general deterrence for others who may consider engaging in copyright violations; and comparative awards of statutory damages by other federal district courts confronted with similar violations.  See, *e.g.*, *BMI v. Spring Mount Area Bavarian Resort, Ltd.,* 555 F. Supp. 2d 537, 544-45 (E.D. Pa. 2008) (awarding $2,000 per infringement, stating that this amount is just and appropriate, considering the length of time that Defendants were on repeated notice of their infringement, were continually offered an opportunity to terminate the infringement, and opted instead to ignore Plaintiffs' attempts to resolve the dispute); *Broadcast Music, Inc. v. Entertainment Complex, Inc.*, 198 F. Supp. 2d 1291, 1296 (N.D. Ala. 2002) (awarding $3,909.09 for each of eleven copyright violations); *Dream Dealers Music v. Parker*, 924 F. Supp. 1146, 1153 (S.D. Ala. 1996) (awarding $5,000 per violation, after considering the expenses saved and profits reaped by the defendant in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendant's conduct, and the infringer's state of mind); *Sailor Music v. IML Corp.*, 867 F. Supp. 565, 570 (E.D. Mich. 1994) (awarding $2,000 per infringement for a willful violation); *Unicity Music, Inc. v. Omni Commc'ns, Inc.*, 844 F. Supp. 504, 510 (E.D.

Ark. 1994) (awarding statutory damages of $2,500 per infringement for unlicensed broadcasts of twenty copyrighted songs).

Finally, the Copyright Act provides that the "court may also award a reasonable attorney's fee to the prevailing party" and "in its discretion may allow the recovery of full costs by or against any party . . . ." 17 U.S.C. § 505. This Court concludes that an award of attorney fees and full costs for the Plaintiffs is merited in this case.

Accordingly,

IT IS ORDERED:

1. The Motion for Summary Judgment (Filing No. 58) filed by Plaintiffs Broadcast Music, Inc.; Screen Gems-EMI Music, Inc.; Robert Kuykendall, Richard A. Ream, Bruce Johannesson and Bret M. Sychak, a partnership d/b/a Cyanide Publishing; Universal - Songs of Polygram International, Inc.; Fuel Publishing, Inc., d/b/a Pener Pig Publishing; Embassy Music Corporation; Mark Slaughter and Dana Strum, a partnership d/b/a Topless Music; and Chrysalis Songs, is granted;

2. Judgment will be entered in favor of the Plaintiffs and against the Defendants, Ottis, Inc., d/b/a The Depot, and Brad Ottis, jointly and severally;

3. The Defendants Ottis, Inc., d/b/a The Depot, and Brad Ottis, and their agents, servants, employees, and all persons acting under their permission or authority will be permanently enjoined and restrained from infringing, in any manner, the copyrighted musical compositions owned or licensed by the Plaintiffs;

4. Plaintiffs will recover from Defendants Ottis, Inc., d/b/a The Depot, and Brad Ottis, jointly and severally, statutory damages in the amount of $3,500.00 for each of the

eight acts of copyright infringement alleged in the Complaint, for a total of $28,000.00, under 17 U.S.C. § 504(c);

5. Plaintiffs will recover from Defendants Ottis, Inc., d/b/a The Depot, and Brad Ottis, jointly and severally, full costs of this action, including reasonable attorney fees, under 17 U.S.C. § 505, plus interest, from the date of this order; and

6. A separate Judgment will be entered.

DATED this 16th day of December, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge